IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JIMMY RAY MOORE, | § | |
| TDCJ No. 1771243, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 7:13-CV-046-O-KA |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

ORDER ACCEPTING THE FINDINGS AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is a petition for writ of habeas corpus that arose out of prison disciplinary action taken against Petitioner at the James V. Allred Unit for allegedly assaulting an officer without a weapon and causing serious injury. The Magistrate Judge has recommended that the Court grant relief based upon a determination that there is no evidence in the record to support the disciplinary hearing officers's finding that the complaining officer suffered a "serious injury," which is defined by the prison disciplinary rules as "injury that requires treatment beyond first aid, as determined by the unit medical staff." *See* ECF No. 25 at 10, 13, 14. Neither party has filed objections to the Magistrate Judge's recommendation.

After making an independent review of the pleadings, files, and records in this case, and of the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge, I am of the opinion that the findings of fact, conclusions of law, and reasons for granting relief set forth in the Magistrate Judge's recommendation are correct and they are hereby adopted and incorporated by reference as the findings of the Court.

The Court notes that, upon independent review of the disciplinary record, including the audio recording of the hearing, there is no evidence as to the nature of any injury suffered by the complaining officer, no evidence that the officer ever sought medical treatment, and no evidence that the officer was ever seen by the unit medical staff for his alleged injuries. Thus, there is no evidence in the record to support a finding that the complaining officer suffered "injury that requires treatment beyond first aid, as determined by the unit medical staff." *See generally Foster v. Thaler*, No. 4:12-CV-568, 2012 WL 4356860 (S.D. Tex. Sept. 20, 2012) (denying federal habeas relief for inmate found guilty of engaging in a fight without a weapon that resulted in injuries requiring treatment beyond first aid where prison medical department records served as evidence that the victim suffered a laceration requiring medical treatment beyond first aid).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that due process in the context of a prison disciplinary proceeding requires that there be "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985). In the case at bar, there was no evidence to support the finding that Petitioner was guilty

of committing an assault on an officer that resulted in injuries requiring treatment beyond first aid. Therefore, the hearing officer's decision was contrary to clearly established federal law as determined by the U.S. Supreme Court.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is GRANTED. Within 30 days of the date of this order, Respondent shall certify in Petitioner's prison records that this Court has vacated the decision rendered in the disciplinary action at issue, disciplinary case number 20130126642.

It is further ORDERED that within 30 days of the date of this order, Respondent shall restore 365 days of good-time credits to Petitioner.

It is further ORDERED that, within 45 days of the date of this order, Respondent shall file a statement in this case indicating that Petitioner's disciplinary conviction has been vacated and that 365 days of previously forfeited good-time credits have been restored.

Copies of this Order shall be mailed to Petitioner and to Counsel for Respondent.

SO ORDERED this 14th day of November, 2014.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**